ELMER EVANSON v. PETER C. JEROWSKI
AND ANOTHER.

241 N. W. 2d 636.

April 2, 1976—No. 45445.

*William A. Lindquist,* for appellant.

*O'Brien, Ehrick, Wolf, Deaner & Downing* and *Thomas Wolf,* for respondents.

Heard before Rogosheske, Peterson, Todd, Yetka, Knutson,

and Breunig, JJ., and considered and decided by the court en banc.

YETKA, JUSTICE.

This is a personal injury action arising out of an accident July 11, 1968, in which appellant, Elmer Evanson, a pedestrian, was struck by a car driven by respondent, Peter C. Jerowski and owned by respondent Roger Green. The action was tried in Winona County District Court before a jury which returned a special verdict May 16, 1974, finding respondent Jerowski and appellant both causally negligent; apportioning that negligence 60 percent to respondent and 40 percent to appellant; finding appellant had assumed the risk,[1] and assessing his damages in the amount of $15,000. Appellant appeals from the order of the trial court denying his alternative motion for judgment notwithstanding the verdict (finding regarding assumption of risk) or new trial, and from the judgment. We reverse.

On July 10, 1968, appellant, age 60, attended the annual party of the Winona Contracting Construction Employers Association, Inc., at the country estate of one of its members. He arrived at the site of the party at 7:30 p.m. The private driveway leading to the home was lined with cars parked on both sides, requiring appellant to park a distance of a block-and-a-half from the home. The semi-circular driveway approaches the front entrance to the home on a slight upward grade.

The party was attended by about 50 members of the association and their guests. During the course of the evening, appellant had six or seven mixed drinks and also ate a buffet supper shortly after arriving.

It was about midnight when appellant left the party in the company of Mark Modjeski, a fellow plumber and member of the association. By then the cars that had been parked along the driveway nearer the home were gone. It was a nice summer

---

[1] This action arose prior to our decision in Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971).

night, but very dark. There were floodlights on the house, but there was no lighting on the driveway. As they walked together down the driveway to their vehicles, they talked. Modjeski walked to the left of appellant on the grass along the edge of the driveway. Appellant walked either on the grass or on the edge of the driveway and was a half step ahead of Modjeski and one and one-half or two feet to his right. Appellant was wearing dark clothes. He could hear motors starting back at the garage area and knew that cars would be coming down the narrow road. About 20 feet before they reached a flowerbed at the edge of the road, Modjeski recalled that one car did pass them.

When they reached the flowerbed, which was located about 100 to 150 feet from the house, they moved out onto the driveway. The accident happened about 15 feet beyond the flowerbed. Modjeski, at the time of impact, had returned to the grass. Although appellant thought that he was not on the driveway when struck, Modjeski testified that appellant probably was.

Appellant did not hear respondent's car coming, or know that he was going to be struck by a car. He did not recall looking back as he was going down the driveway. Modjeski's first awareness of the car was when the lights alerted him just before impact and he heard a thump. When Modjeski heard the thump, he turned and saw the lefthand side of the car passing by and appellant was gone. The point of impact was on the driveway 15 feet beyond the flowerbed, and appellant was thrown some 120 to 180 feet from the point of impact. The car had passed within 1½ to 2 feet from Modjeski. Appellant cannot remember the impact or anything that occurred afterwards until he regained consciousness in the hospital.

Injuries suffered by appellant included multiple lacerations, abrasions, and contusions over the scalp, legs, and hip, pelvic, and chest areas, a deep abrasion on the right shoulder blade, a separation of the clavicle from the sternum on the right, six broken right ribs, and fractured pelvis.

The issues raised on this appeal are:

(1) Was appellant, by failing to object at trial to the submission of the issue of assumption of risk to the jury, foreclosed from raising the correctness of its submission and decision in a post-trial motion for judgment notwithstanding the verdict?

(2) Did appellant assume the risk of respondent's failure to exercise reasonable care?

■ Respondents contend that appellant, by failing to object to the submission of the issue of assumption of risk, was foreclosed from raising the correctness of its submission and decision in its post-trial motion for judgment notwithstanding the verdict.[2] In support of this contention, they cite a line of cases which developed what respondents label the "tacit agreement" exception to that part of Rule 51, Rules of Civil Procedure, which provides that "[a]n error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court."[3]

Essentially what respondents contend is that appellant should have moved for a directed verdict on the issue of assumption of risk, prior to its submission, on the ground that as a matter of law the evidence viewed in the light most favorable to the respondents was insufficient to support a finding of assumption

---

[2] A trial court has the same authority to set aside and change an answer to a question in a special verdict when not supported by the evidence as it has to grant judgment notwithstanding a general verdict, Orwick v. Belshan, 304 Minn. 338, 231 N. W. 2d 90 (1975), Majerus v. Guelsow, 262 Minn. 1, 113 N. W. 2d 450 (1962).

[3] See, e. g., Erickson v. Sorenson, 297 Minn. 452, 211 N. W. 2d 883 (1973); DelMedico v. Coats, 295 Minn. 226, 203 N. W. 2d 860 (1973); Mineral Resources, Inc. v. Mahnomen Const. Co. 289 Minn. 412, 184 N. W. 2d 780 (1971); Hemming v. Ald, Inc. 279 Minn. 38, 155 N. W. 2d 384 (1967); Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 147 N. W. 2d 561 (1966); Sauke v. Bird, 267 Minn. 129, 125 N. W. 2d 421 (1963).

of risk.[4] While it is true that that issue may be raised prior to submission by motion for directed verdict, Rule 50.01, Rules of Civil Procedure, it may also be raised by motion for judgment notwithstanding the verdict subsequent to submission. Rule 50.02, Rules of Civil Procedure. Furthermore, the right to raise the issue by way of the latter motion is not dependent on raising it by motion for directed verdict. Rule 50.02. Therefore, appellant's motion to set aside the jury's finding of assumption of risk was proper and the correctness of the finding preserved for consideration on appeal.

This is not to suggest that a failure to object to the instructions prior to submission will be overlooked where the post-trial relief sought is a new trial, nor that the better practice is not to object before instructions are given. As we said in the case of Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 415, 147 N. W. 2d 561, 566 (1966):

"* * * While Rule 51, Rules of Civil Procedure, does permit errors in instructions with respect to fundamental law to be raised on a motion for new trial, it was never intended that experienced counsel could tacitly agree to instructions of the court which omit a theory that might have been submitted had it been requested, and then, after an adverse verdict, seek shelter under the rule for the purpose of gaining another chance at victory. In spite of this rule, we feel that there is some obligation on the part of experienced trial lawyers to assist the court in submitting issues which they believe are involved in the case. * * * [W]here counsel deliberately try a case on one theory or permit it to be submitted to the jury with an omission of one of the issues that

---

[4] For the test for granting a directed verdict, see E. H. Renner & Sons, Inc. v. Primus, 295 Minn. 240, 203 N. W. 2d 832 (1973); Lovejoy v. Minneapolis-Moline Power Imp. Co. 248 Minn. 319, 79 N. W. 2d 688 (1956); 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 314. The same test applies for granting judgment notwithstanding the verdict. Dean v. Weisbrod, 300 Minn. 37, 217 N. W. 2d 739 (1974); 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 326.

ought to be submitted, they will find little sympathy here if they seek a new trial under Rule 51."

However, in this case appellant's counsel on oral argument maintained he was surprised by the instruction of the trial court on assumption of risk when it was given and felt that somehow he, appellant's counsel, must have missed something when the court decided to give that instruction. Subsequent to the verdict, in his motion for a new trial or, in the alternative, for judgment notwithstanding the verdict, appellant's counsel did raise the issue.

■ The definition and elements of assumption of risk, as applicable in this case, are set forth in 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) Instruction 135 S:

"Assumption of risk is voluntarily placing (oneself) (one's property) in a position to chance known hazards. To find that a person assumed the risk you must find:
"1. That he had knowledge of the risk.
"2. That he appreciated the risk.
"3. That he had a choice to avoid the risk or chance it and voluntarily chose to chance it."

Respondents contend that the evidence, viewed as it must be in the light most favorable to the verdict, Majerus v. Guelsow, 262 Minn. 1, 113 N. W. 2d 90 (1975), supports the jury's finding of assumption of risk.

Respondents argue that appellant was aware of the approach of their car, that this presented an obvious hazard or risk which the ordinary man must be held to have appreciated, and that he voluntarily encountered the risk by stepping onto the driveway from the grass where he had been walking with Modjeski. Assuming the evidence supports these contentions, they do not establish assumption of risk.

Basic to the defense is "[the] manifestation of consent to relieve the defendant of the obligation of reasonable conduct." Prosser, Torts, § 68, p. 450. Dean Prosser states further:

"* * * It is not every deliberate encountering of a known danger which is reasonably to be interpreted as evidence of such consent. The jaywalker who dashes into the street in the middle of the block, in the path of a stream of cars driven in excess of the speed limit, certainly does not manifest consent that they shall use no care and run him down. On the contrary, he is insisting that they shall take immediate precautions for his safety; and while this is certainly contributory negligence, it is not assumption of risk. This is undoubtedly the most frequent error of attorneys, and even of the courts, in dealing with the defense."

See, also, Restatement, Torts 2d, § 496 C, Comment *h.*

As applied to the facts asserted by respondents, while appellant may well have deliberately encountered the danger of respondents' approaching automobile, he had every reason to expect that respondents would act reasonably and take immediate precautions to avoid hitting him.

In Reikow v. Bituminous Const. Co. Inc. 302 Minn. 316, 320, 224 N. W. 2d 921, 924 (1974), we said:

"Here there could be no voluntary assumption because the plaintiff, his son, and Terry Krohn all testified that they were unaware that the truck operated by Mr. Omann was moving back and forth across the lot, and even if one were to accept the testimony of defendant Omann and others that in fact Omann was driving the truck back and forth across the lot prior to the injury, or any other testimony in the light most favorable to the defendants, *plaintiff had a right to assume that the truck would be driven in a careful manner with the driver keeping an outlook so that he would not strike anyone who might be on the lot.*" (Italics supplied.)

Our decision in Meulners v. Hawkes, 299 Minn. 76, 216 N. W. 2d 633 (1974), would appear to be dispositive of this appeal. In that case the plaintiff, along with several others, was standing in the street alongside a car parked at the curb. Another car, operated by defendant, was proceeding down the street at an ex-

cessive rate of speed and acceleration and struck plaintiff. Assumption of risk was submitted to the jury and found by it. The trial court on plaintiff's post-trial motion set aside the finding. In affirming, this court said:

"The difference between the two defenses is quite clear: Assumption of risk rests on plaintiff's voluntary consent to take his chances, while contributory negligence rests upon plaintiff's failure to exercise the care of a reasonable man for his own protection. The essential element of assumption of risk is plaintiff's voluntary choice to encounter a known and appreciated danger created by the negligence of defendant. Schrader v. Kriesel, 232 Minn. 238, 45 N. W. 2d 395 (1950). See, also, Note, 56 Minn. L. Rev. 47.

"Plaintiff had no recollection of the events of the accident and therefore her knowledge, if any, must be inferred from the circumstances surrounding the accident. There is no evidence whatsoever that would allow the slightest inference that plaintiff voluntarily chose to encounter a known and appreciated danger created by defendant's negligence. Plaintiff had no obligation to anticipate or expect injury from a vehicle being driven on the wrong side of the road so close to a parked vehicle that it would strike her while leaning against said vehicle. Plaintiff's friends, standing immediately adjacent to her, testified they had no knowledge of danger from the vehicle until it was almost upon them." 299 Minn. 80, 216 N. W. 2d 635.

Viewing the facts in the light most favorable to the jury's finding, we believe the evidence falls far short of establishing that the appellant was aware, or had reason to expect, that respondent Jerowski would not exercise reasonable care in operating respondent Green's vehicle. Therefore, the denial of the motion for judgment notwithstanding the verdict is reversed and the verdict reinstated in the total amount of $15,000, reduced by 40 percent (that being the portion of negligence applicable to appellant), for a net verdict of $9,000.

After a careful review of the record, we are satisfied that the jury correctly determined the respective negligence of the parties.

The case is reversed and remanded with instructions to enter judgment for the plaintiff in the amount of $9,000.