**Mohine W. BAKHOS et al., Appellants,**

v.

**Wayne DRIVER, Respondent.**

**No. 48096.**

Supreme Court of Minnesota.

Feb. 9, 1979.

Mansur & Mansur and Daniel B. O'Leary, St. Paul, for appellants.

Newcome, Wallace & Newcome and Richard N. Newcome, St. Paul, for respondent.

John P. Clifford, Minnesota Trial Lawyers Ass'n, St. Paul, amicus curiae, for Bakhos.

Heard before SHERAN, C. J., KELLY and YETKA, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

Appeal from a judgment of the District Court for Chisago County entered after denial of plaintiffs' motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff was injured when he fell from a tree which he had ascended so that he could help remove a limb by cutting it off from the trunk with a power saw. Defendant, with others assisting, remained on the ground below pulling on a rope attached to the limb as plaintiff sawed in order to prevent "binding." Pull was applied to the rope in such a way that the jury found 60% of the fault for plaintiff's fall to be attributable to defendant's negligence. The jury also found that plaintiff assumed the risk of the procedure which culminated in his injury and for this reason, judgment has been entered in favor of defendant notwithstanding the finding that his negligence exceeded that of the plaintiff. The issue on appeal is whether the finding of assumption of risk is supported by the evidence.

In our judgment, the record establishes as a matter of law that the plaintiff did not assume the risk of this accident so as to bar recovery under the doctrine of *Springrose v. Willmore,* 292 Minn. 23, 192 N.W.2d 826 (1971). The definition of "assumption of risk" which bars recovery by the plaintiff is correctly set out in Instruction 135, Minnesota Jury Instruction Guide, as follows:

"Assumption of risk is voluntarily placing (oneself) (one's property) in a position to chance known hazards. To find that a person assumed the risk you must find:

"1. That he had knowledge of the risk.

"2. That he appreciated the risk.

"3. That he had a choice to avoid the risk or chance it and voluntarily chose to chance it."

In this case the evidence establishes that plaintiff was caused to fall because of the negligent manner in which pull was applied to the rope attached to the limb of the tree which plaintiff had ascended. The negligent application of pull caused the limb to break from the tree at a time when plaintiff was in a position of danger. It was this unforeseen event which caused the accident. Had it not occurred, plaintiff would not have fallen. This negligence on the part of the defendant was not a fact of which plaintiff had certain knowledge when he ascended the tree and carried out his part of the sawing operation. He may have been negligent in acting as he did and, indeed, the jury has assessed to him 40% of the fault. However, he did not voluntarily choose to expose himself to the risk of the negligent actions of the defendant which caused the fall. The fact that plaintiff had ascended the ladder to saw the limb did not relieve defendant of his duty to exercise reasonable care in his handling of the rope. The continued existence of this duty makes the defense of primary assumption of risk inapplicable to this case. *Springrose v. Willmore, supra.* This being so, the judgment is reversed and the case is remanded to the trial court for entry of judgment in favor of plaintiff in conformity with the 40/60% apportionment specifically found in response to the interrogatories bearing on the issue of negligence. See, *Armstrong v. Mailand* Minn. filed Feb. 9, 1979.

In our judgment, the award of damages in the amount of $6,090 in favor of plaintiff Mohine W. Bakhos and $500 in favor of plaintiff Lois G. Bakhos, his wife, is consistent with the evidence.

Reversed and remanded.