**Mark F. RUSCIANO, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

**No. C8–89–114.**

Court of Appeals of Minnesota.

Sept. 12, 1989.

---

Gary T. LaFleur, Babcock, Locher, Neilson & Manella, Anoka, for respondent.

Kay Nord Hunt and Michael P. Shroyer, Lommen, Nelson, Cole & Stageberg, Minneapolis, for appellant.

Heard, considered and decided by SHORT, P.J., and CRIPPEN and SCHULTZ,* JJ.

## OPINION

CRIPPEN, Judge.

Respondent Mark Rusciano brought suit against appellant State Farm Mutual Automobile Insurance Company for underinsured motorist benefits. Appellant argued that respondent's underlying negligence claim was barred by his primary assumption of risk, or by his comparative fault. The trial court refused to submit the question of primary assumption of risk to the jury. Additionally, the court excluded certain testimony concerning a past act of respondent. The jury found the tortfeasor 80 percent negligent and respondent 20 percent negligent. State Farm appeals the denial of its new trial motion. We affirm on the merits, but remand for determination of prejudgment interest.

## FACTS

Respondent Mark Rusciano was struck by an automobile on March 4, 1983, in an alley where a group of teenagers was gathered. Respondent was entitled to underinsured motorist benefits under his parents' State Farm auto policy. According to trial testimony of four witnesses at the scene of the accident, respondent voluntarily stood in front of the oncoming car to see whether the car would stop before respondent jumped out of the way. The driver testified that when he realized he might come in contact with respondent he did not swerve because he might have hit other persons in the alley, nor did he hit the brakes because he "never thought [respondent] was going to jump on the car." One witness at the scene testified he heard a "definite acceler-

* Acting as judge of the Court of Appeals by ap- pointment pursuant to Minn. Const. Art. VI, § 2.

ation sound in the motor" prior to impact. Two other witnesses, one a pedestrian and the other a passenger in the automobile, testified that the driver sped up after making the turn into the alley. One of these witnesses gave a statement prior to trial that the driver "slowed down and then when Mark was out in front of the car he speeded up a little bit."

## ISSUES

1. Did the trial court err in refusing to submit to the jury the question of respondent's primary assumption of risk?

2. Did the trial court err in excluding certain evidence regarding a past act of respondent?

## ANALYSIS

### I.

■ Primary assumption of risk applies "only where the parties have voluntarily entered a relationship in which plaintiff assumes well-known, incidental risks." *Wagner v. Thomas J. Obert Enterprises,* 396 N.W.2d 223, 226 (Minn.1986) (quoting *Olson v. Hansen,* 299 Minn. 39, 44, 216 N.W.2d 124, 127 (1974)). The alleged tortfeasor has no duty to protect the claimant from these risks. *Id.*

Secondary assumption of the risk on the other hand, is "an affirmative defense to an established breach of duty which may only be raised when the plaintiff has voluntarily chosen to encounter a known and appreciated danger created by the negligence of the defendant." *Wagner,* 396 N.W.2d at 226 (quoting *Olson,* 299 Minn. at 43, 216 N.W.2d at 127. "Secondary assumption of risk is a form of contributory negligence." *Wagner,* 396 N.W.2d at 226 (citing *Springrose v. Willmore,* 292 Minn. 23, 24, 192 N.W.2d 826, 827 (1971)).

Application of the primary assumption of risk doctrine is uncommon. *Swagger v. City of Crystal,* 379 N.W.2d 183, 185 (Minn.Ct.App.1985). One of the few instances where the doctrine applies is "in cases involving patrons of inherently dangerous sporting events." *Wagner,* 396 N.W.2d at 226 (rollerskating); *see, e.g.,*

*Grisim v. TapeMark Charity Pro–Am Golf Tournament,* 415 N.W.2d 874 (Minn. 1987) (golf).

It is within the trial court's discretion to decide whether or not to instruct the jury on assumption of risk. *Kantorowicz v. VFW Post, No. 230,* 349 N.W.2d 597, 599 (Minn.Ct.App.1984). This court has found no abuse of discretion in the trial court's failure to instruct the jury on assumption of risk in cases where the jury was able to relate the evidence to a typical comparative negligence instruction. *Willmar Poultry Co. v. Carus Chemical Co.,* 378 N.W.2d 830, 836 (Minn.Ct.App.1985); *Kantorowicz,* 349 N.W.2d at 600.

The instruction on primary assumption of risk may be omitted where evidence shows the claimant assumed some risk and the other party's conduct enlarged that inherent risk. *Cf. Rieger v. Zackoski,* 321 N.W.2d 16, 23 (Minn.1982) (raceway operator must protect its patrons against harm from unauthorized vehicles on the track, a risk the operator created); *Thompson v. Hill,* 366 N.W.2d 628, 631 (Minn.Ct.App. 1985) (driver must operate vehicle with reasonable care so the danger assumed by the passenger is not increased).

■ The evidence here supports a finding that respondent assumed an inherent risk by walking into the path of an oncoming vehicle. It is not evident that respondent completely assumed enlargement of that risk through the driver's improper conduct. The evidence shows the driver knew of respondent's position but failed to brake his vehicle. It is well settled that a driver of a motor vehicle is under a continuous duty to exercise reasonable care by maintaining a proper lookout and to keep his vehicle under reasonable control. *See* 4 Minnesota Practice, CIV.JIG, 301 (1986).

Appellant contends the trial court is obligated to submit the question of whether respondent's action constituted primary assumption of risk. Appellant cites *Wagner* in support of its argument. In *Wagner,* where the defendant was maintaining an inherently dangerous activity, the trial court submitted both primary and second-

ary assumption of risk to the jury. *Id.* at 226–27. The supreme court permitted that exercise of discretion where there was evidence permitting the jury to find that the plaintiff's injury was attributable to the inherent risk assumed in activity at a roller skating rink. *Id.*

Respondent cannot be barred from recovery for his injuries where the evidence does not support a theory of complete assumption of risk. We conclude it was within the trial court's discretion to determine the case was inappropriate for instruction on primary assumption of risk.

## II.

 Appellant further contends the trial court erred, after appellant produced testimony of a witness who claimed he never saw respondent "play chicken" with a car prior to the night of the accident, by excluding testimony from two other witnesses who claim they saw respondent "play chicken" with a vehicle on prior occasions. The trial court's exclusion of respondent's past acts of playing chicken did not unfairly prejudice appellant, nor was it reversible error.

The trial court has broad discretion in making evidentiary rulings. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983). Furthermore, it must appear that such evidence might reasonably have changed the result before an error in the exclusion of evidence may constitute grounds for a new trial. *Frederick v. Burke*, 397 N.W.2d 19, 20 (Minn.Ct.App. 1986) (citing *Jenson*, 335 N.W.2d at 725). The evidence that Rusciano played chicken on prior occasions with automobiles is not sufficient to constitute habit evidence pursuant to Minn.R.Evid. 406. Similarly, that evidence was not helpful in providing a clear understanding of the fact issue and thus not admissible under Minn.R.Evid. 701.

In addition, while earlier conduct evidence may have been allowed to rebut respondent's proof to the contrary, this rule does not grant appellant the prerogative to rebut his own evidence. *See Albertson v. Chicago, M.St.P. & P.R. Co.*, 242 Minn. 50, 58, 64 N.W.2d 175, 181–82 (1954) (where plaintiff's evidence is permitted on a particular issue, justice requires that defendant's evidence to the contrary also be permitted).

Finally, the record indicates that the trial court intended to award respondent prejudgment interest. However, it appears the court by oversight neglected this topic in its order for judgment. We remand solely for the trial court's calculation of the proper amount of prejudgment interest.

## DECISION

The trial court did not err in refusing to submit an instruction on primary assumption of risk. Nor was it reversible error to exclude testimony concerning a past act of respondent. We remand only on the issue of prejudgment interest.

Affirmed and remanded.