HERMAN A. SENNEKA v. FRANCIS B. J. BICKLE.[1]

March 5, 1937.

No. 30,985.

*Francis B. J. Bickle,* pro se.
*John I. Davis,* for respondent.

[1]Reported in 271 N. W. 813.

STONE, JUSTICE.

This appeal by defendant from the judgment for plaintiff brings up for review only the allowance of expert witness fees to certain members of the bar who testified on plaintiff's behalf at the trial.

Plaintiff, an attorney, sued defendant for $470 for services rendered. As to the amount due, a jury agreed with plaintiff after a rather prolonged trial. Testifying for plaintiff as to the reasonable value of his services were Messrs. Cushing of Hancock, Conklin of Sauk Center, and Zima and Selnes of Glenwood, all members of the bar. The two latter were allowed fees of $10 a day. Neither of them was required to absent himself long from his own office in order to testify. But Messrs. Cushing and Conklin had to travel each of them upwards of 25 miles each way. Each one's presence in court as a witness in Glenwood meant absence from the office at Hancock or Sauk Center for all of the day.

The only statutory rule is that the judge of any court of record may allow such expert witness fees as in his judgment may be just and reasonable. 2 Mason Minn. St. 1927, § 7009. So we should not disturb such an allowance unless abuse of discretion is apparent.

The record would speak for itself in plainer fashion if there were an affirmative finding of "special circumstances" as contemplated by District Court Rule No. 11. See Bekkemo v. Erickson, 186 Minn. 108, 242 N. W. 617. The district court rules are often relaxed by the district judges. Seldom, if ever, are they the law of our decision. Even if there were an inexorable demand for evidence of "special circumstances," this record utters it. The days spent by Messrs. Cushing and Conklin in attendance as witnesses at Glenwood were full days. Nothing was left of them to be devoted to the office work at home in Hancock or Sauk Center. That circumstance explains why the out-of-town witnesses were allowed substantially more than those of Glenwood.

The foregoing leads to the conclusion that the judgment under review must be affirmed. But, in view of the disproportion already existing between the amount of plaintiff's demand and the trimmings already added by way of costs and disbursements, the respondent will not be allowed statutory costs in this court.

So ordered.

HILTON, JUSTICE (dissenting).

The district court rules provide (see 175 Minn. xli, No. 11) that there must be "special circumstances" in order to allow expert witness fees of more than $10 a day to be taxed for the attendance of an expert witness. In Bekkemo v. Erickson, 186 Minn. 108, 242 N. W. 617, the trial court allowed certain expert witnesses fees of $25 a day each but made no finding of "special circumstances." This court, applying the district court rule, reversed the action of the lower court in so doing, thus indicating that the rules were not to be disregarded. In the opinion of that case it was pointed out that the witnesses were the usual practitioners of veterinary medicine, which fact, of itself, indicated "special circumstances." So here the witnesses concerned were the usual practitioners of law. I am of the opinion that the Bekkemo case is controlling unless it is to be expressly overruled.

Possibly lawyers who are away from their offices, as were the witnesses in the instant case, might, in the ordinary course of events, have lost some immediate business. That is not, as a matter of law, a "special circumstance" within the meaning of the rule. There is no record before us nor even a settled case. However, it is shown by an affidavit of Hugh E. Leach, attorney for the appellant in the lower court, that on the first day the expert witnesses knew by ten o'clock in the morning that the case was to be continued over that day, and when they returned the following days they were on the witness stand only a "short time." There is nothing from which this court may determine that such witnesses were absent from their offices "all of such days." However, whether they were or not is of no moment. In the absence of a settled case or a record, this court is limited to a consideration of whether the conclusions of law were supported by the findings of fact. Peach v. Reed, 87 Minn. 375, 92 N. W. 229. Here there was no finding of "special circumstances."

It would seem to offend one's sense of proportion to allow witness fees totaling over $230 in addition to mileage, as was done here, in a case such as this where the amount sued for was less than $500 and the verdict recovered was immediately paid. Under the ma-

jority opinion an allowance of more than $10 a day as expert witness fees in addition to mileage, without any finding as to the number of days necessarily attended or the number of miles necessarily traveled, would be approved. In that view I cannot agree.

Mr. Chief Justice Gallagher and Mr. Justice Peterson, not having been members of the court when this case was argued and submitted, took no part in its consideration or decision.