## BELDEN PORTER COMPANY v. THE KIMBALL COMPANY, INC.

226 N. W. 2d 310.

February 7, 1975—No. 44708.

*Maun, Hazel, Green, Hayes, Simon & Aretz, Merlyn C. Green,* and *Geoffrey P. Jarpe,* for appellant.

*Wayne A. Pokorny* and *Kenneth G. Schivone,* for respondent.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court en banc.

PER CURIAM.

Defendant appeals from a judgment entered pursuant to a jury verdict finding defendant 60-percent negligent and plaintiff 40-percent negligent in an accident causing the explosion of a steam boiler, the burner and controls for which were installed by defendant as a subcontractor of plaintiff. We affirm.

Defendant assigns three errors as a basis for its appeal, namely, (1) that the evidence is not sufficient to establish a causal connection between the occurrence of the accident and a negligent act or omission attributable to defendant; (2) that the court permitted an expert witness to answer a hypothetical question which did not embody a complete recitation of facts sufficient

to form a basis for his opinion; and (3) that the trial court erred in permitting plaintiff to prove its damages based on the testimony of its president and from repair bills submitted without specific testimony from those who had performed the repairs that these bills represented the fair and reasonable cost of said repairs.

A detailed statement of the facts in this case is not necessary for our disposition. We have carefully reviewed the record and proceedings herein. In considering whether or not the evidence sustains the verdict, we are guided by our prior decisions that such evidence must be viewed in the light most favorable to the prevailing party and the jury's verdict will be overturned only if no reasonable mind could find as did the jury. See, Carpenter v. Mattison, 300 Minn. 273, 219 N. W. 2d 625 (1974).

It is true that the precise cause of the accident was not definitely established, but the jury had substantial evidence from which to draw an inference of defendant's negligence. Our statement in Standafer v. First Nat. Bank, 243 Minn. 442, 448, 68 N. W. 2d 362, 366 (1955), is dispositive of this issue:

"While it is true that the proof fails to show exactly how the accident happened, that likewise is true in many negligence cases. It is not necessary that there be eyewitnesses to the happening of an accident before there may be recovery. If the evidence establishes facts from which a jury reasonably may draw an inference of negligence and that it was a proximate cause of the happening of the accident, it no longer is a question of law for the court. It is only when there is such a complete absence of evidence from which an inference of negligence may be drawn or where the evidence is so conclusive one way or the other that reasonable minds must draw the same conclusion that the question becomes one of law."

We have carefully considered the other issues raised by defendant and find them to be without merit.

Affirmed.