## Jerome RUSKAMP, Individually, and as Trustee for the Next of Kin of Timothy Joseph Ruskamp, Decedent, Appellant,

v.

## Joseph Francis FERKNES, Respondent,

## Associated Milk Producers, Inc., et al., Respondents.

### No. 47508.

Supreme Court of Minnesota.

Jan. 6, 1978.

Joseph W. Parris, Hector, for appellant.

Farrish, Johnson, Maschka & Hottinger and Gerald L. Maschka, Mankato, for Ferknes.

Gislason, Dosland, Malecki, Gislason & Halvorson and Robert M. Halvorson, New Ulm, for Assoc. Milk Producers, Inc., et al.

Heard before ROGOSHESKE, PETERSON, and WAHL, JJ., and considered and decided by the court en banc.

PER CURIAM.

In this wrongful death action plaintiff's decedent, Timothy Joseph Ruskamp, was a passenger in an automobile driven by defendant Joseph Fernkes when it collided with an oncoming vehicle driven by defendant Ira Rutherford. The district court directed a verdict for the driver of the oncoming vehicle and the jury returned a verdict for defendant Fernkes on which judgment was entered. On appeal from an order denying his motion for a new trial plaintiff challenges the sufficiency of the evidence to support the jury's verdict.

It is well settled that in examining a verdict on appeal the evidence must be considered in the light most favorable to the prevailing party and the verdict sustained if it is possible to do so on any reasonable theory of evidence. *Carpenter v. Mattison*, 300 Minn. 273, 276, 219 N.W.2d 625, 628 (1974). Viewed in this light there is no doubt that the evidence sustains the jury's verdict in favor of defendant Fernkes.

There is relatively little conflict in the testimony. The accident occurred the evening of December 4, 1975, on Minnesota Highway No. 4 approximately 9 miles north of Sleepy Eye, where Highway No. 4 descends into the Minnesota River valley. As the Fernkes vehicle, which was headed north, descended into the valley it crossed a large patch of ice which Fernkes testified had not been on the road when he, the decedent, and another passenger had traveled the road in the opposite direction a few hours earlier. When the Fernkes vehicle crossed the ice it slid sideways, crossed the centerline, and collided with the southbound vehicle driven by Rutherford. At trial there was testimony by the highway patrol officer who was called to the scene of the accident that there was no "visual indication" of the ice patch, and that he had encountered such conditions only once before in his many years in the highway patrol.

There was also testimony from a meteorologist concerning weather conditions the night of the accident based on records from the weather reporting station closest to the scene of the accident. The meteorologist testified that cold air flows down slopes and collects in valleys such as the one the Fernkes vehicle was descending into, and that this combined with the unusual temperature and wind conditions at the time could easily have caused the road surface to freeze while the highway to the south was clear and dry.

Taken together, the testimony of these witnesses is sufficient to sustain the jury's verdict on the theory that the ice patch on the hill was caused by unusual weather and highway conditions which Fernkes could not have foreseen, and that once he encountered the ice Fernkes was not negligent in being unable to control his automobile.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.