**Walter REMIARZ, individually and as father and natural guardian of Alice G. Remiarz, a minor, et al., Respondents,**

v.

**POLISH AMERICAN CLUB, et al., Appellants.**

No. 47822.

Supreme Court of Minnesota.

Sept. 8, 1978.

Stanley J. Mosio, St. Paul, for appellants.

Sachs, Latz & Kirshbaum and George R. Serdar, Minneapolis, for respondents.

PER CURIAM.

Defendants Polish American Club and Regency Tours appeal from the judgment entered in the Ramsey County Municipal Court in favor of plaintiffs Walter and Renata Remiarz in the amount of $2,253.10. We affirm.

Plaintiffs commenced this action to recover damages upon defendants' alleged breach of contract in failing to provide visas necessary for the plaintiffs to fully participate in the charter flight to Poland offered and arranged by the defendants.

The jury heard and considered evidence offered by the plaintiffs to the effect that they had responded to the charter flight advertisement placed in the Polish newspaper for a round-trip flight from Minneapolis to Warsaw, Poland. Both plaintiffs apparently enrolled in the Polish American Club in satisfaction of the first prerequisite to participation in the charter affinity flight. Subsequently the plaintiffs accepted defendants' offer of assistance in obtaining travel visas, described as follows in the brochure distributed to club members:

> "The Polish American Club has appointed Regency Tours as the official travel agent for the charter. Mrs. Marie Ofelt will personally assist the club committee. All arrangements for visas, hotel reservations, car rentals, tours in Poland, European Tours, are to be arranged by Regency Tours."

Plaintiffs were unable to both receive their visas prior to the flight departure, although the record indicates that defendants were in frequent contact with the Chicago Polish Consulate. Apparently the difficulty stemmed from Renata Remiarz' exit from Poland in 1961 and the simultaneous loss or misplacement of her visa; although the visa was apparently returned to the Polish government in 1963, the authorities had difficulty locating it, adding to the delay in securing it for the charter flight.

It is our view that the jury could have found, upon the evidence presented, that there was an agreement between the parties that defendants would provide visas, that defendants failed to do so and that plaintiffs were entitled to damages in the amount of $2,253.10. In application of the standard of review, we must view the evidence in a light most favorable to the prevailing party and disturb the verdict only if no reasonable mind could find as the jury did. *Belden Porter Co. v. Kimball Co., Inc.,* 303 Minn. 98, 226 N.W.2d 310 (1975); *Carpenter v. Mattison,* 300 Minn. 273, 219 N.W.2d 625 (1974). The jury verdict is therefore affirmed.

Affirmed.