MEARS PARK HOLDING CORPORATION, et al.,
Appellants,

v.

MORSE/DIESEL, INC., et al.,
Defendants,

Lundquist, Wilmar, Schultz & Martin, Inc., Miller, Hanson, Westerbeck, Bell Architects, Inc., Respondents.

No. C9-88-452.

Court of Appeals of Minnesota.

Aug. 16, 1988.

Gerald L. Svoboda, Jeffrey C. Paulson, Dean B. Thomson, Fabyanske, Svoboda, Westra & Davis, P.A., St. Paul, Steven C. Schroer, James D. O'Connor, Faegre & Benson, Minneapolis, for Mears Park Holding Corp., et al.

Thomas L. Adams, Mark J. Heley, William M. Hart, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Lundquist, Wilmar, Schultz & Martin, Inc.

Allen W. Hinderaker, Larry D. Espel, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for Miller, Hanson, Westerbeck, Bell Architects, Inc.

Heard, considered and decided by FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

FORSBERG, Judge.

This appeal is from a trial court's November 25, 1987 judgment dismissing appellants' action against respondent Miller, Hanson, Westerbeck, Bell Architects, Inc. (Miller) for failure to state a claim upon which relief may be granted and from the trial court's January 19, 1988 summary judgment granted in favor of respondent Lundquist, Wilmar, Schultz & Martin, Inc. (Lundquist). We affirm.

## FACTS

Mears Park Development Company (Development) was the developer and part-owner of the Galtier Plaza construction project (Galtier Project) in downtown St. Paul. On February 4, 1983, Development entered into a contract with Miller whereby Miller agreed to provide professional architectural services for the Galtier Project. Development's contract with Miller contained the following anti-assignment clause:

> Neither the Owner nor the Architect shall assign, sublet or transfer his interest in this agreement without the written consent of the other.

Miller, in turn, subcontracted the mechanical and electrical portion of their work on the Galtier Project to Lundquist. Miller's contract with Lundquist contained a nonassignment clause substantially similar to that contained in Miller's contract with Development:

> Neither the Architect nor [Lundquist] shall assign, sublet or transfer any interest in this Agreement without the written consent of the other.

Prior to completion of the project, Development defaulted on its loan from Chemical Bank (Chemical), the principal lender for the project. Following extensive negotiations, Development, in lieu of foreclosure, transferred title to the project to Mears

Park Holding Corporation (Holding), a wholly owned subsidiary of Chemical organized to take title to the Galtier Project.

Development also attempted to assign to Holding all rights, actions and causes of action which might arise out of, or relate to, construction of the Galtier Project. Miller gave conditional consent to this agreement, but appellants failed to comply with Miller's terms and the assignment was never completed.

The present action concerns Chemical's attempt, as a primary lender of the project and Holding's attempt as assignee of Development's rights to assert negligence, contribution and indemnity claims arising out of the Galtier Project against both respondents Miller and Lundquist and to assert breach of contract, fraud and misrepresentation claims against Miller. Appellants challenge the trial court's determination that these claims are without merit.

## ISSUES

1. Did the trial court err in ruling that the assignment between Development and Holding was invalid?

2. Did the trial court err in denying appellants' motion to substitute Development as the real party in interest?

3. Did the trial court err in dismissing Chemical's third-party breach of contract action?

4. Did the trial court err in dismissing Chemical's negligence action?

## ANALYSIS

1. Assignment.

■ Appellants challenge the trial court's conclusion that Development's attempted assignment to Holding of its rights under its contract with Miller was invalid and that Holding's claim against respondents must be dismissed.

The contract between Development and Miller provided that neither party could assign their interest in the contract without the written consent of the other. Miller

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

offered to consent to Development's proposed assignment if certain conditions were satisfied. Appellants have not accepted Miller's offer. Consequently, the attempted assignment violates the anti-assignment provision in the contract and is invalid.

■ We reject appellants' assertion that the anti-assignment clause contained in the Miller/Development contract did not prohibit Development's attempted assignment to Holding. In analyzing anti-assignment provisions, a distinction must be drawn between the right to assign performance under a contract, which may be prohibited, and the right to receive damages for its breach, which may not be prohibited. *Ford v. Robertson,* 739 S.W.2d 3, 5 (Tenn.Ct. App.1987), *pet. for rev. denied* (Tenn. Sept. 28, 1987).

In the present action, the anti-assignment clause prohibits the assignment or transfer of "interest in the agreement." This language must be construed to prohibit assignment of any interest in performance of an executory contract. Finding that the record adequately supports the trial court's determination that the Miller/Development contract is still executory, we agree with the trial court's conclusion that the contract is nonassignable because of its personal nature and because of the provision requiring consent prior to assignment.

2. Substitution.

Finding the attempted assignment between Development and Holding to be invalid, the trial court concluded that Holding was not a "real party in interest" and, consequently, not the proper party to assert Development's claims against respondents. Minn.R.Civ.P. 17.01.

Appellants, anticipating this ruling, filed a motion to substitute Development for Holding as a named plaintiff and a real party in interest. Appellants contend the trial court erred in denying their motion to substitute.

Minn.R.Civ.P. 15.01, which governs amendments to pleadings, provides in part:

A party may amend his pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

■ The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of clear abuse of such discretion. *Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn. 1980). In the present case, the trial court did not abuse its discretion in denying appellant's motion to substitute. The trial court's decision to deny substitution was well within the proper exercise of the court's discretion to control its docket.

Prior to the time of the attempted assignment, Development had instituted an action against Morse/Diesel, Inc. of Illinois, the construction manager, Hayes Contractors, Inc., and Taping, Inc. for claims associated with the Galtier Project. Development did not bring any claims against respondents as part of this action. The trial court concluded that, if Development had claims against respondents concerning the Galtier Project, these claims should be pursued by joining respondents as additional party defendants in the original action.

Furthermore, Development is a separate entity from both Chemical and Holding. Development has made no move to intervene or be joined as party, and is not here on appeal. We do not see how Holding has standing to assert Development's claims. *See Cybyske v. Independent School District No. 196,* 347 N.W.2d 256 (Minn. 1984), *cert. denied,* 469 U.S. 933, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984).

3. Third–Party Beneficiary.

Appellants contend the trial court erred in determining that Chemical was only an incidental beneficiary of the Miller/De-

velopment contract and, as such, lacks standing to assert third-party beneficiary claims under the contract.

■ In determining whether a party may assert third-party beneficiary rights, Minnesota utilizes the approach outlined in Restatement (Second) of Contracts § 302 (1979). *Cretex Companies, Inc. v. Construction Leaders, Inc.,* 342 N.W.2d 135, 139 (Minn. 1984). Under this approach, a third-party can recover as an intended beneficiary if recognition of third-party beneficiary rights is appropriate and either the duty-owed or intent-to-benefit test is met. *Id.* Chemical does not qualify as an intended beneficiary under either test.

The duty-owed test is satisfied if "the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary." Restatement (Second) of Contracts § 302(1)(a). Completion of respondents' duties under the Miller/Development contract will not satisfy Development's duty to pay on the mortgage. Consequently, the conditions of the duty-owed test have not been met.

The intent-to-benefit test is satisfied if "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." Restatement (Second) of Contracts § 302(1)(b). The record simply does not support appellants' contention that Development intended to give Chemical the benefit of respondents' design services.

■ The trial court correctly concluded that Chemical was an incidental beneficiary of the Miller/Development contract and could not assert third-party benefit claims. Chemical has even less right to assert third-party beneficiary rights under the Miller/Lundquist contract.

4. Negligence.

■ We also reject appellants' argument that the trial court erred in dismissing Chemical's negligence claims against respondents. A design professional has a duty to exercise "that skill and judgment which can be reasonably expected from similarly situated professionals." *City of Moundsview v. Walijarvi,* 263 N.W.2d 420,

424 (Minn.1978). Design professionals who breach this duty are liable in negligence to those who foreseeably relied upon their professional services. *Waldor Pump & Equipment Co. v. Orr–Schelen–Mayeron & Associates, Inc.,* 386 N.W.2d 375, 376 (Minn.Ct.App.1986). The determination of whether respondents owe a duty to Chemical is a question of law. *See Germann v. F.L. Smithe Machine Co.,* 395 N.W.2d 922, 924 (Minn.1986).

■ In the present case, the trial court correctly concluded that respondents had no duty to Chemical. It appears unlikely that respondents, at the time of entering into their contract with Development, foresaw the chain of events which led to Chemical's action against them for negligence. The possibility that respondents would be liable to Chemical for negligence following Development's default on its loan agreement with Chemical was too remote to be foreseeable. There was no privity or other direct relationship between Chemical and respondents. Consequently, Chemical's negligence action against respondents is without merit.

## DECISION

For reasons stated, the trial court's judgment dismissing appellants' action against Miller and the trial court's summary judgment granted in favor of respondent Lundquist are affirmed.