John **VERBERKMOES**, Plaintiff,

v.

**LUTSEN MOUNTAINS CORPORATION,**
a Minnesota Corporation, Defendant.

Civ. No. 5–92–176.

United States District Court,
D. Minnesota,
Fifth Division.

Feb. 28, 1994.

Frank Barry Yetka, Rudy Prevost Gassert & Yetka, Cloquet, MN, for plaintiff.

Craig H. Anderson, Dale James Evensen, Cousineau McGuire & Anderson, Minneapolis, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on defendant's motion for summary judgment. Based on a review of the file, record and proceedings herein, the court denies defendant's motion.

## BACKGROUND

Plaintiff John Verberkmoes is a resident of Wisconsin who was injured while skiing at Lutsen Mountains Ski Area on the afternoon of December 19, 1988. Verberkmoes was skiing along a catwalk when he observed an all-terrain vehicle ("ATV") parked on or near

the groomed path. Verberkmoes fell intentionally in order to avoid hitting the ATV at full speed. His momentum carried him into the ATV with sufficient force for the impact to break his arm. Records kept by defendant Lutsen verify that Verberkmoes was injured on the catwalk in a collision with an ATV.

Lutsen's motion for summary judgment is based on the doctrine of the assumption of risk. Lutsen claims that skiing has inherent dangers and that Verberkmoes assumed the risk of encountering those dangers. Lutsen also contends that Verberkmoes specifically assumed those risks when he purchased a ski lift ticket that states that the skier assumes the risks inherent in skiing. Verberkmoes argues that encountering a parked ATV while skiing is not one of the inherent risks of the sport and that because it was negligent Lutsen remains liable for his injuries.

## DISCUSSION

■ The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510.

■ On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in her favor. *Id.* at 250. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue that facts supporting its claim will be developed later or at trial. Rather, the nonmov-

ing party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, a judgment as a matter of law should not be granted. *Anderson,* 477 U.S. at 250–51, 106 S.Ct. at 2511. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

■ Minnesota recognizes assumption of risk in two distinct forms. Primary assumption of risk amounts to a denial that the defendant had any duty to protect plaintiff from the well-known, inherent risks of an activity. *Olson v. Hansen,* 299 Minn. 39, 216 N.W.2d 124, 127 (1974). When applicable, primary assumption of risk bars plaintiff's claim. *Armstrong v. Mailand,* 284 N.W.2d 343, 351 (Minn.1979). Secondary assumption of risk is an affirmative defense. *Olson,* 216 N.W.2d at 127. It is a form of contributory negligence. *Springrose v. Willmore,* 292 Minn. 23, 192 N.W.2d 826, 827 (1971). Secondary assumption of risk applies to situations where the plaintiff has actual knowledge of and appreciation for a danger created by the defendant and voluntarily chooses to risk injury. *Carpenter v. Mattison,* 300 Minn. 273, 219 N.W.2d 625, 629 (1974). To establish secondary assumption of risk the defendant must show that the facts constituting assumption of risk are undisputed and can lead to only one reasonable conclusion. *Id.*

### A. Primary Assumption of Risk

■ The assumption of risk is a well established doctrine in Minnesota law governing negligence claims arising from sporting accidents. *Aldes v. St. Paul Ball Club,* 251 Minn. 440, 88 N.W.2d 94 (1958) (baseball); *Modec v. City of Eveleth,* 224 Minn. 556, 29 N.W.2d 453 (1947) (hockey); *Wagner v. Thomas J. Obert Enterprises,* 396 N.W.2d 223 (Minn.1986) (rollerskating). Although no

published Minnesota decision has applied the doctrine to skiing, defendant cites an unpublished opinion of the Minnesota Court of Appeals which affirmed the giving of jury instructions on the assumption of risk in a negligence action arising out of a skiing accident. *Cooper v. Powder Ridge Ski Corporation*, Minnesota Court of Appeals No. C7–91–2436, 1992 WL 160649 (July 14, 1992). In addition, another federal court has applied the doctrine to skiing. *Wright v. Mt Mansfield Lift*, 96 F.Supp. 786 (D.Vt.1951) (snow covered tree stump is among the many hazards assumed by skiers); *Leopold v. Okemo Mountain*, 420 F.Supp. 781 (D.Vt.1976) (ski lift tower is an obvious and inherent danger of skiing). The dangers recognized in these Vermont cases, however, do not include a collision with an ATV. The main issue before the court is thus one of characterization. Is an ATV parked on a ski run a well-known, inherent risk of skiing, or is it a hazard created by the ski resort which, if not known to a skier, gives rise to a duty to protect or warn on the part of the ski resort?

Lutsen argues that the object struck by Verberkmoes is irrelevant to the issue of primary assumption of risk because, as a skier, Verberkmoes assumed the risk of hitting anything. The court rejects this argument. The court notes that Lutsen's lift ticket provides an illustrative list of the hazards to be encountered; these hazards are almost exclusively natural conditions. The skier is also warned of possible falls and collisions and the need to ski under control. The list reflects the risks which courts have recognized as inherent to skiing. They are risks largely outside of the reasonable control of a ski resort. Snow covered stumps or snow conditions are not dangers which the ski resort can control. The location of a lift tower, while within the control of the resort, is an obvious hazard. Courts have found that these hazards are obvious to any skier. *Leopold*, 420 F.Supp. at 786. The test for determining if a hazard is an inherent risk of skiing is whether it is a danger "which reasonable prudence on the part[ ] of the defen-

dant[ ] would have foreseen and corrected." *Wright*, 96 F.Supp. at 791.

The location of a parked ATV is within the control of the ski resort. It is not a hazard which is fixed, but one which moves about a ski area. The driver chooses where to park the vehicle. Thus, a parked ATV is not a hazard that a skier would typically expect to encounter every time he skis a particular hill, as he would expect to see an obvious hazard such as a lift tower. Nor is an ATV a hidden hazard such as a snow covered stump which might be virtually undetectable. The *Wright* court recognized this distinction when it held that a hidden stump is an inherent danger and went on to write "[i]t isn't as though a tractor was parked on a ski trail around a corner or bend without warning to skiers coming down." *Wright*, 96 F.Supp. at 791.

Lutsen argues that an ATV should be considered an inherent risk of skiing because ATVs are essential to the operation of a ski area. Lutsen contends that ATVs are necessary for maintenance purposes and for transporting injured skiers. The utility of ATVs is not at issue. Lutsen offers no evidence that their utility means that encountering an ATV without warning is a well-known risk that is incidental to skiing in the same way that lift towers and snow covered tree stumps are. That the presence of an ATV on the catwalk was not a well-known, inherent risk of skiing is supported by the fact that Verberkmoes and a companion had twice skied the catwalk earlier in the day and had not seen an ATV. There was no reason for Verberkmoes to assume that an ATV might be present when he skied the catwalk for a third time. Furthermore, the hazard posed by an ATV parked on or near a groomed trail [1] is a danger that reasonable prudence on the part Lutsen would have foreseen and corrected or at least placed a warning for skiers.

Lutsen cites an unpublished opinion of the Minnesota Court of Appeals for the proposition that skiing is inherently dangerous. *Cooper v. Powder Ridge Ski Corporation*,

---

1. There is a factual dispute over the exact location of the ATV relative to the groomed trail. For purposes of this summary judgment motion the court must assume that the ATV was parked on the trail in the location alleged by plaintiff because he is the non-moving party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510.

Minnesota Court of Appeals No. C7–91–2436 (July 14, 1992). The court finds the reasoning of *Cooper* helpful on the question of the primary assumption of risk here. In *Cooper*, which dealt with a skier who was injured when she went off a snow-bridge, the Minnesota Court of Appeals affirmed the trial court's decision to submit the question of assumption of risk to a jury. The trial court instructed the jury that "[n]egligent maintenance and supervision of a ski resort are not inherent risks of the sport itself." *Id.* at 6. This instruction is well grounded in Minnesota's law of primary assumption of risk. *Wagner*, 396 N.W.2d at 226 (primary assumption of risk inapplicable if there is negligent maintenance or supervision of rollerskating rink). Lutsen's parking of the ATV on the trail during routine maintenance of the ski slope cannot be deemed, as a matter of law, an inherent risk of skiing. The court concludes that Lutsen is not entitled to summary judgment based on primary assumption of risk.

### B. Secondary Assumption of Risk

 The court also holds that Lutsen is not entitled to summary judgment based on the affirmative defense of secondary assumption of risk. A key element of secondary assumption of risk is the plaintiff's actual knowledge of the danger he voluntarily chooses to encounter. Verberkmoes has established a prima facie case that without his knowledge, Lutsen parked an ATV on or near the groomed path. He did not know that a hazard was awaiting him and thus did not voluntarily choose to risk injury. "No risk is assumed of which the plaintiff was ignorant." *Carpenter*, 219 N.W.2d at 629 (citation omitted). Furthermore, unlike *Cooper*, where skiers were warned of the snow-bridge, *Cooper*, Minnesota Court of Appeals No. C7–91–2436 (July 14, 1992) at 3, there is no evidence that Lutsen warned Verberkmoes that there was an ATV parked on or near the catwalk. Based on the evidence before the court, Lutsen cannot sustain its burden of demonstrating that the facts concerning secondary assumption of risk are undisputed and lead to only one reasonable conclusion. *Id.*

### CONCLUSION

Plaintiff John Verberkmoes seeks damages for injuries he sustained when he collided with a parked ATV while skiing at Lutsen Mountains Ski Area. Lutsen argues that it is not liable for Verberkmoes injuries because he assumed the inherent risks of skiing, including the risk of colliding with an ATV. The court holds that encountering an ATV parked on a trail is not an obvious and inherent risk of skiing. Nor is there evidence before the court which demonstrates that Lutsen warned Verberkmoes of the hazard it created by parking an ATV on or near the trail. Therefore, the court concludes that primary and secondary assumption of risk do not provide a basis upon which to grant Lutsen's motion for summary judgment.

Accordingly, **IT IS HEREBY ORDERED** that defendant Lutsen's motion for summary judgment is denied.