**Shawn LUBBERS, et al., Appellants (CX–94–1618), Respondents (C4–94–1243),**

v.

**Greg ANDERSON, Defendant and Third Party Plaintiff, Appellant (C4–94–1243), Respondent (CX–94–1618),**

**Richard Neutilla, Third Party Defendant, Respondent.**

**Nos. C4–94–1243, CX–94–1618.**

Court of Appeals of Minnesota.

Dec. 13, 1994.

Review Granted Feb. 14, 1995.

Gary E. Stoneking, Harlan M. Goulett, Stoneking & Goulett, P.A., Minneapolis, for Shawn Lubbers, et al.

James L. Haigh, Barret W.S. Lane, Cousineau, McGuire & Anderson, Minneapolis, for

Greg Anderson, defendant and third party plaintiff.

Steven L. Viltoft, Lori L. Jensen–Lea, La-Bore & Giuliani, Ltd., Hopkins, for Richard Neutilla, third party defendant.

Considered and decided by RANDALL, P.J., and SCHUMACHER and MANSUR,* JJ.

## OPINION

SCHUMACHER, Judge.

Shawn and Lora Lubbers and Greg Anderson appeal from an amended judgment, arguing that the district court erred in deciding as a matter of law that respondent Richard Neutilla did not owe them any duty of care. We reverse and remand.

## FACTS

On the evening of January 18, 1992, eleven people decided to snowmobile from Floodwood to Cherry, Minnesota on the St. Louis River. Anthony Clement had been on the river the day before and had seen open holes of water. Clement warned the others of the breaks in the ice and told them to proceed on the left side of the river riding single file. Clement testified that everyone agreed to this. While the record contains no admission by Neutilla that he agreed to ride single file, he did admit that Clement instructed him to ride single file and that he understood this to mean that they should follow the driver ahead. The riders then continued down the river as Clement instructed. Clement was first in line, Neutilla fourth and Shawn Lubbers was farther behind. Behind Shawn Lubbers was Greg Anderson.

At some point, Neutilla moved his snowmobile to the right to avoid having snow thrown in his face from the vehicle ahead. Neutilla did not hit open water when he did so nor did the next several riders. Then the snowmo-

bile in front of Shawn Lubbers hit open water and began to sink. Shawn Lubbers also fell into the water. Anderson entered the water behind Lubbers. Anderson's snowmobile hit Lubbers in the back. Anderson pulled Lubbers to shore.

Lubbers and his wife, Lora Lubbers, sued Anderson. Anderson filed a third-party claim against Neutilla. Lubbers and Anderson settled. Lubbers then filed a cross-claim against Neutilla, and Neutilla moved for summary judgment. Anderson also moved for partial summary judgment. The district court granted Neutilla's motion, concluding that Neutilla owed no duty to the other snowmobilers.

## ISSUES

1. Does a snowmobiler owe fellow snowmobilers a duty of care based on statute?

2. Did the district court err in deciding as a matter of law that a snowmobiler who assumes a duty to ride his or her snowmobile single file owes no common-law duty of care to other snowmobilers?

## ANALYSIS

▮▮▮ On appeal from summary judgment, this court decides whether there are any genuine issues of material fact and whether the district court correctly applied the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). This court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

▮▮▮ 1. Whether a duty is owed is generally a question of law to be decided de novo. *Mears Park Holding Corp. v. Morse/Diesel, Inc.*, 427 N.W.2d 281, 285 (Minn.App.1988). Under Minnesota law:

It shall be unlawful for any person to drive or operate any snowmobile in the following

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

pointment pursuant to Minn. Const. art. VI, § 10.

unsafe or harassing ways: * * * (b) in a careless, reckless or negligent manner so as to endanger the person or property of another or to cause injury or damage thereto.

Minn.Stat. § 84.87, subd. 2 (1992). Violation of a statute laying down rules of safety for the protection of the public is conclusive evidence of negligence; however, the rules of contributory negligence are not abrogated. *Dart v. Pure Oil Co.*, 223 Minn. 526, 532, 27 N.W.2d 555, 558 (1947). Thus, Neutilla had a statutory duty to operate his snowmobile in a non-negligent manner so as to avoid endangering others or damaging property.

█ 2. Moreover, a duty may be imposed based on the relationship between the parties and the foreseeability of the risk involved. *Erickson v. Curtis Inv. Co.*, 447 N.W.2d 165, 168–69 (Minn.1989). Whether such a common law duty exists may be fact dependent. *Johnson v. Urie*, 394 N.W.2d 846, 849 (Minn.App.1986), *aff'd*, 405 N.W.2d 887 (Minn.1987).

Anderson and the Lubbers argue that Neutilla owed them a duty of care because Neutilla expressly agreed to ride single file. Neutilla, acknowledging that a driver may owe a legal duty to lead other drivers, responds that he owed no duty because he did not agree to lead the snowmobiles across the ice. *See Benson v. Hoening*, 228 Minn. 412, 415–17, 37 N.W.2d 422, 424–25 (1949) (leader in funeral procession owes duty to those who follow).

·⁊·█ A duty may be imposed where an actor voluntarily assumes a duty of care. Restatement (Second) of Torts § 324A (1965). For instance, the supreme court held that a trucker owed a duty of care to a car driver where the trucker signaled to the driver that it was clear to pass. *Thelen v. Spilman*, 251 Minn. 89, 97, 86 N.W.2d 700, 706 (1957). The court reasoned that even though the trucker had no legal duty to signal, once he voluntarily undertook to signal, he was under a duty to do so with reasonable care. *Id.* at 96–97, 86 N.W.2d at

706. Similarly, a city owes a duty to exercise reasonable care in providing fire protection services where it voluntarily undertook to render such services. *Walsh v. Pagra Air Taxi, Inc.*, 282 N.W.2d 567, 570 (Minn.1979).

█ Here, Clement told everyone to drive single file. Neutilla got in line and began following the driver ahead of him. Because Neutilla voluntarily undertook to ride single file, he was under a duty to follow the snowmobile ahead with reasonable care.

█ Next, Neutilla argues that Anderson and Shawn Lubbers primarily assumed the risk; thus, no duty was owed. We disagree. Primary assumption of the risk does not apply to snowmobile driving because a "snowmobile, carefully operated, is no more hazardous than an automobile, train, or taxi." *Olson v. Hansen*, 299 Minn. 39, 44, 216 N.W.2d 124, 128 (1974); *see also Carpenter v. Mattison*, 300 Minn. 273, 277, 219 N.W.2d 625, 629 (1974).

█ Finally, Neutilla contends that even if a duty were owed, he was not negligent and did not cause Lubbers' or Anderson's injuries. These issues were not decided by the district court and will not be considered on appeal. *Krueger v. State Farm Fire & Casualty Co.*, 510 N.W.2d 204, 209 (Minn. App.1993).

## DECISION

The district court erred in granting summary judgment because Neutilla owed a statutory duty to operate his snowmobile in a safe manner so as not to endanger others and owed a common-law duty to exercise reasonable care in driving his snowmobile single file.

**Reversed and remanded.**