JOHN PEEK y. ADOLPH B. OSTROM and Another.[1]

April 30, 1909.

Nos. 16,154—(122).

**Judgment Non Obstante Erroneous.**

The evidence was not conclusive that appellant assumed the risk or was guilty of contributory negligence in attempting to clear away the sawdust and spalts which accumulated under the saw he was operating, and it was error to order judgment for the defendant notwithstanding the verdict.

Action in the district court for Hubbard county to recover $10,000 for personal injuries received by plaintiff while employed by defendants in·their shingle mill. The case was tried before Stanton, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order granting defendants' motion for judgment notwithstanding the verdict, plaintiff appealed. Reversed and verdict reinstated.

*Charles Loring*, for appellant.

*Gjertsen & Lund*, for respondents.

LEWIS, J.

Appellant had his hand cut on what is known as a splitting saw, in the shingle department of respondents' mill, while cleaning out a chute which conveyed the sawdust and edgings from the ·saw, and recovered a verdict in the court below for the sum of $2,000. The trial court granted respondents' motion for judgment notwithstanding the verdict, and this appeal brings before us the question whether there is any evidence reasonably tending to support the verdict.

[1] Reported in 120 N. W. 1084.

Appellant was twenty years old, and had worked one month in a sawmill at logging, a month and a half in another sawmill at Grace Lake Spur, and about twenty three days in another mill tying edgings and driving a team. According to appellant's testimony, he applied for work at respondents' mill, and was directed to work on the splitting saw mentioned; that the foreman took him upstairs, and pointed out the saw at which he was to work, but gave him no instructions; that his work required him to place shingle bolts upon the carrier and push them into the circular saw, thus sawing them into shape for the shingle saw; that the pieces falling from the saw dropped from the carrier into a hole in the floor immediately below, through which they were supposed to be conveyed to a carrier, which carried them to the boiler for fuel; that, after he had operated the saw for a few hours, the foreman appeared and told him to pick up as many of the pieces (called spalts) as he conveniently could and throw them out of the window, and to shove the rest, with the sawdust, down the hole; that the sawdust and spalts falling into the hole choked up the chute below, and permitted the refuse to accumulate under the saw, which made it necessary for him to go around to the side of the machine and poke it down out of the way. The circumference of the saw reached within about fourteen inches of the floor, and a plank ran parallel with the saw, covering all of the blade with the exception of about four or five inches. He testified that the hole was about sixteen or seventeen inches in length and about eight inches wide; that, while he was engaged in pushing the sawdust and spalts down the hole with a stick, the stick caught, and caused his hand to be thrown against the saw and injured.

The evidence clearly shows that the saw was in an exposed position, and any one working around it might easily come in contact with it, and it was fairly established that it was practicable to more completely guard the saw by extending the covering in front of it from four to six inches further toward the floor, still leaving an exposed space of eight or ten inches for the purpose of cleaning out under the saw. The evidence is sufficient to sustain the allegation that respondents did not take adequate measures to keep the chute free, and to prevent the sawdust and edgings from piling up under the saw. At least two others, who had operated the saw, testified that they had found it

necessary to remove the material in the same manner. Although the foreman and other witnesses testified that appellant had not been instructed and was not required to clean out the material, and that other employees were engaged for that specific purpose, yet the evidence is conclusive that those employed for that purpose did not keep the chute free and clear, and it does not appear that appellant was instructed not to clean it out.

The only serious question in the case is whether appellant assumed the risk in attempting to clean out the chute, or was guilty of contributory negligence in attempting to do it in that manner. On the question of assumption of risk, if it be true that appellant was put to work upon the machine without any instructions, then it was an open question whether he did not have a right to assume that it was a part of his duty to remove the material when it clogged up to such an extent as to prevent the operation of the saw. Appellant claims to have acted upon that theory, and assumed that it was a part of his work to remove the accumulated material when it became necessary. If it be true that, after he had been working for some time, the foreman appeared and told him to remove such of the spalts as he conveniently could, and to shove the rest, with the sawdust, down through the hole, then that work was specifically made a part of his duty in operating the machine. He was not a meddler, and he only assumed the risk in so far as he appreciated the danger. Appellant was a young man of very limited experience in and about sawmills, and with less than a day's experience upon this particular saw. While any reasonable person might know that his hand might be cut if it came in contact with a revolving saw, yet an experienced person might not appreciate the danger of getting his hand in contact with the saw while engaged in doing the work in that manner. An older and more experienced person might exercise the judgment to select a long stick and keep his hands at a proper distance; whereas, an inexperienced person of immature judgment might consider it safe to attempt to do it with a short stick, and so inadvertently permit his hand to come in contact with the saw.

On the question of contributory negligence the same reasoning applies. It is not to be presumed that he voluntarily put his hand in a dangerous position, and whether or not he exercised due care depended upon his experience, the instructions he received, and the natural desire

on his part to perform the duties assigned him. Upon all of these questions the evidence was somewhat conflicting; but the credibility of the witnesses and the weight of the evidence were for the jury. The case was submitted to the jury by the court with proper instructions. The jury found for appellant, and the verdict cannot be set aside, unless it conclusively appears from the evidence that under no circumstances was he entitled to a verdict. We are of opinion that the views of the learned trial court in submitting the case to the jury were correct, and that he was not justified in setting aside the verdict upon the grounds stated.

The appeal being from an order granting a motion for judgment notwithstanding the verdict, it is ordered that the order be reversed, and the verdict be reinstated.

ELLIOTT, J. (dissenting).

I think the plaintiff was guilty of contributory negligence, and that the trial court properly ordered judgment for the defendant. I therefore dissent.