LAY, Circuit Judge,
dissenting.
The majority opinion, in all due respect, misconstrues Minnesota law. The Minnesota courts have drawn a bright line between primary and secondary assumption of risk. The Supreme Court of Minnesota has cautioned that the classes of cases involving an implied primary assumption of the risk are limited and uncommon. See, e.g., Springrose v. Willmore, 292 Minn. 23, 24, 192 N.W.2d 826, 827 (1971); Goodwin v. Legionville Sch. Safety Patrol Training Ctr., Inc., 422 N.W.2d 46, 50 (Minn.Ct.App.1988). Yet in today’s decision, the majority obliterates the bright line and has ignored the cautionary language contained in Minnesota law. The pernicious evil of such a precedent will do nothing more than confuse the trial bar of Minnesota.[4]
Minnesota law recognizes two types of assumption of the risk — primary and secondary. Andren v. White-Rodgers Co., 465 N.W.2d 102, 104 (Minn.Ct.App.1991). Primary assumption of the risk applies where the parties have “voluntarily entered a relationship in which plaintiff assumes well-known, incidental risks. As to those risks, the defendant has no duty to protect the plaintiff and, thus, if the plaintiffs injury arises from an incidental risk, the defendant is not negligent” and the plaintiff is barred from recovery. Olson v. Hansen, 299 Minn. 39, 44, 216 N.W.2d 124, 127 (1974). Primary assumption of the risk is inapplicable where the defendant’s conduct enlarges the inherent risk. Rusciano v. State Farm Mut. Auto. Ins. Co., 445 N.W.2d 271, 273 (Minn.Ct.App.1989). Under Minnesota law, before primary assumption of the risk applies, the plaintiff must first manifest consent to relieve the defendant of the obligation of reasonable conduct, and “[i]t is not every deliberate encountering of a known danger which is reasonably to be interpreted as evidence of such consent.” Iepson v. Noren, 308 N.W.2d 812, 815 (Minn.1981) (quoting W. Prosser, Handbook of the Law of Torts § 68 (4th ed.1971)). Secondary assumption of the risk “is an affirmative defense to an established breach of duty which may only be raised when the plaintiff has voluntarily chosen to encounter a known and appreciated danger created by the negligence of the defendant.” Wagner v. Thomas J. Obert Enters., 396 N.W.2d 223, 226 (Minn.1986) (citation omitted).[5]
*941 In applying the doctrine of primary assumption of risk to the facts of the present case, the majority basically overlooks that “[t]he manifestations of acceptance and consent dictate whether primary or secondary assumption of the risk is applicable in a given case.” Andren, 465 N.W.2d at 105. Assumption of the risk differs from contributory negligence, which is based on carelessness, “by being an exercise of intelligent choice.” Beckman v. V.J.M. Enters., 269 N.W.2d 37, 39 (Minn.1978) (citation omitted). Under Minnesota law, to establish assumption of the risk, in either the primary or secondary sense, the defendant must show that the plaintiff (1) had knowledge of the risk; (2) had an appreciation of the risk; and (3) had a choice to avoid the risk but voluntarily chose to chance the risk. Andren, 465 N.W.2d at 104-05.
Walk concedes that the first element of assumption of the risk was met. He admits that he had knowledge of the risk that he could sustain serious injury if his hand came into contact with the auger blades. However, he maintains that neither the second nor third elements were met. Walk contends that he did not appreciate the risk because although he knew that if he stuck his hand into the auger he risked serious injury, he did not appreciate that if his scraper got caught on the trough while he was doing a routine part of his job that the blades could grab his scraper and hand and pull them further into the machine. Nor did he voluntarily assume the risk, he argues, because although the machine could have been turned off before cleaning, he kept it running because that was the way he was taught to do it, and the way that he and his supervisors had been doing it for years.
This court and Minnesota courts have found that primary assumption of the risk did not apply in situations where the plaintiff had performed the injury-causing action in the past without incident or had seen others do it without incident. First, in Piotrowski v. Southworth Prods. Corp., 15 F.3d 748 (8th Cir.1994), this court found that secondary rather than primary assumption of risk was involved where the plaintiff jumped on top of a wet lift table to get the wheels rolling, fell from the table and suffered permanent injuries. We held that the plaintiff “did not have actual knowledge of a known risk and he did not make the choice to chance the risk rather than avoid it. [Plaintiff] and other employees had similarly stood or stomped on the lift table without incident for seven months.” Id. at 753.
In another case, Kraft v. Ingersoll-Rand Co., 136 F.3d 584 (8th Cir.1998), this court reversed the district court’s grant of summary judgment where an employee of a sugar beet processor brought suit against the manufacturer of a beet piler after she was injured while standing inside a gap in the machine that should have been covered. Although the court noted the plaintiffs inexperience, the court also considered the fact that the plaintiff had placed her hands and a shovel into this gap before without incident. Id. at 586.
Similarly, the Minnesota Court of Appeals has held that primary assumption of the risk did not apply where a plaintiff cut his fingers off while using a table saw without a blade guard to make freehand cuts. Johnson v. Southern Minn. Mach. Sales, Inc., 442 N.W.2d 843, 848 (Minn.Ct.App.1989). In so holding, the court emphasized the fact that the plaintiff was performing the cutting in the same way his foreman had instructed him and in the same way he had seen his foreman and former shop teacher make freehand cuts. Id.
Finally, the Supreme Court of Minnesota found that secondary rather than primary assumption of risk was applicable in a case where a group of young adults attended races at Brainerd International Raceway (BIR). Rieger v. Zackoski, 321 N.W.2d 16 (Minn.1982). After the races, the plaintiff, along with several of his friends and other spectators, jumped a fence to enter the racetrack after the races *942 had concluded and non-racers were driving their cars around the track. Id. at 23. Plaintiff was hit by one of the cars and severely injured. Id. at 19. BIR argued that primary assumption of the risk was applicable to bar recovery because the plaintiff had jumped the fence and entered the racetrack. The court rejected this argument and found that secondary assumption of risk was more applicable to the facts, noting that the plaintiff saw others jump the fence and enter the racetrack. Id. at 23. The court found that BIR had breached its duty to prevent access to the racetrack. Id. at 24.
In granting summary judgment in the present case, the district court emphasized that Walk could have avoided the danger because Walk’s employer did not criticize its employees for turning off the machine to clean it: “Continental did not criticize its employees for turning off the power to the auger.... There is no testimony that the employer required Mr. Walk to clean the pug mill while the auger was engaged.” Walk v. Starkey Machinery, Inc., No. 96CIV1052 (D.Minn. May 7, 1998) (order granting summary judgment).
Again, the Supreme Court of Minnesota has considered a similar fact and rejected the application of primary assumption of the risk. In Peek v. Ostrom, 107 Minn. 488, 120 N.W. 1084 (1909),[6] the court held that assumption of the risk was inappropriate and reversed the trial court’s grant of judgment notwithstanding the verdict for the defendant where the plaintiffs hand was cut by a splitting saw while he cleaned the chute that surrounded the revolving saw. The court, however, noted that the plaintiff was inexperienced, had not been instructed not to clean out the chute, and that others who had operated the saw found it necessary to clean the area around the saw in the same way. Id. at 490, 120 N.W, 1084. The court emphasized that the plaintiff did not appreciate the danger. Id.
Although several of the cases discussed above emphasized the plaintiffs inexperience when finding primary assumption of risk inapplicable, the fact that Walk was experienced in this case should not necessarily mean that he appreciated the risk and voluntarily chose to undertake it. If anything, his experience in cleaning these machines would reinforce that it was proper to clean them while they were running because it was his and others’ routine method of performing the task. Furthermore, whether one is sufficiently “experienced” to appreciate a risk is a factual issue, not a legal one; this issue is best left to the trier of fact and as such belongs exclusively to a jury.
In light of these cases, it should be obvious that the majority’s application of primary assumption of risk is not faithful to Minnesota law. Furthermore, its application of this doctrine slights the factual circumstances under which the plaintiff lost his arm. The plaintiff did not place his hand and arm directly into the auger blades. This accident would not have occurred if his scraper, which he was using to clean the blades, had not caught on the trough. This was not a risk that plaintiff could anticipate or in any way appreciate. Yet, the majority urges that the plaintiff should have fully appreciated the risk involved. The risk involved was not directly placing his arm into the machinery, but rather was the inadvertent act whereby the scraper he was holding got caught in the trough and then pulled his hand and arm into the machinery.
Although Walk was experienced and knew he could have turned the auger off before he cleaned the machine, Walk had left the auger running while performing this task in the past without incident.[7] *943 Cleaning the machine was part of his routine, daily tasks. Furthermore, his coworker and supervisor also cleaned the machine with the auger blades running without incident. As. such, it does not appear that Walk released the manufacturer of its duty or voluntarily consented to the risk of having his arm entangled by cleaning the machine with a scraper while it was running, as he and others had done routinely in the past. Under Minnesota law, the district court should have allowed a jury to decide whether Walk assumed the risk in the secondary sense and, if so, to apportion fault.

. Today's ruling further serves to denigrate a plaintiffs right to a trial by jury. This right serves as a basic reason that the application of the doctrine of primary assumption of risk is rare and seldom used.

. Secondary assumption of risk is a form of contributory negligence that bars recovery only to the extent the jury finds comparative fault in the plaintiff’s assumption of the risk. T.H.S. Northstar Assoc. v. W.R. Grace and Co., 66 F.3d 173, 176 (8th Cir.1995).

. This case was decided before Minnesota separated assumption of the risk into two separate doctrines.

. The district court found and the majority agrees that Walk appreciated the risk of getting caught in the auger because he had experienced close calls in the past when he *943 dropped the scraper into the mill. Walk argues in his brief, however, that his accident did not occur because he dropped his scraper. Walk claims he did not drop his scraper, but rather, that the scraper got caught on a groove in the trough. He maintains that he did not appreciate this risk.