# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3403

_____

| | | |
|---|---|---|
| Scott Erling; Terri Erling, | * | |
| | * | |
| Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| American Allsafe Company, | * | of North Dakota. |
| | * | |
| Defendant, | * | [UNPUBLISHED] |
| | * | |
| ESCO Corporation, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| Safety Master, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: July 31, 2000

Filed: September 5, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Scott and Terri Erling (the Erlings) appeal the district court's[1] grant of summary judgment in favor of mining-equipment manufacturer ESCO Corporation (ESCO) in their product-liability action. We affirm.

Mr. Erling, an experienced welder, was using a metal hammer to install a metal ESCO conical point (or "tooth") on a piece of mining equipment. Despite being aware of his employer's policy against striking hardened metal to hardened metal, despite knowing of a worker who had been injured from the striking of metal against metal, and despite instructions in ESCO's manual describing a tooth-installation method not requiring hammering the tooth's tip, Mr. Erling struck the hammer against the tooth's tip. Unfortunately, a metal fragment separated and became embedded in his left eye, causing him to lose all vision in that eye.

The Erlings sued, seeking damages against ESCO under theories of negligent manufacture and design, and negligent failure to warn and instruct; strict product liability; and breach of implied warranty. The court granted summary judgment in favor of ESCO after finding no genuine factual dispute existed as to the tooth and ESCO's installation instructions, because the instructions did not direct using a hammer to strike the tooth's tip, and in fact provided an installation method that eliminated the need to apply force. In reaching its decision, the court rejected the Erlings' experts' opinions as "counter to reality." On appeal, the Erlings maintain the court erred, because (1) a jury question was established as to whether ESCO's product was defective and unreasonably dangerous as a result of its design, manufacture, and lack of any warnings or instructions, (2) their warranty claim was not time barred, and (3) the court should not have rejected their experts' opinions.

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

Upon de novo review, we conclude that summary judgment for ESCO was appropriate as to the negligence claims, in that (1) the Erlings failed to show ESCO's tooth was defectively designed, because their experts failed to suggest a safer alternative design, (2) the Erlings failed to show by expert testimony that the tooth was defectively manufactured, and (3) ESCO owed no duty to warn of the dangers of hammering the tip of the tooth, because the danger was obvious and known to Mr. Erling, an experienced welder and replacer of conical points, who admitted knowing that striking hardened metal with hardened metal could cause splintering. See N.D. Cent. Code § 28-01.3-01 ("unreasonably dangerous" means, inter alia, dangerous to extent beyond which would be contemplated by ordinary user of product in that community, considering product's characteristics, propensities, risks, dangers, and uses, together with any actual knowledge, training, or experience possessed by particular user), § 28-01.3-06 (Supp. 1999) (no product may be considered to be defective unless at time product was sold there was defect or defective condition making product "unreasonably dangerous" to user or consumer); National Bank of Commerce v. Dow Chem. Co., 165 F.3d 602, 609-10 & n.13 (8th Cir. 1999) (affirming grant of summary judgment in favor of manufacturer, because plaintiffs failed to elicit admissible expert testimony supporting their defective manufacturing/design claims); Walk v. Starkey Mach., Inc., 180 F.3d 937, 938-39 (8th Cir. 1999) (standard of review); Vandelune v. 4B Elevator Components Unltd., 148 F.3d 943, 946 (8th Cir.) (no duty to warn if user knows or should know of potential danger, especially when user is professional who should be aware of product's characteristics; applying Restatement (Second) of Torts § 388 (1965)), cert. denied, 525 U.S. 1018 (1998); Dancy v. Hyster Co., 127 F.3d 649, 653-54 (8th Cir. 1997) (plaintiff with defective-design claim bears burden of proving existence of defect by showing that safer alternative design actually exists; absent expert testimony, there is no basis to evaluate actions of ordinarily prudent person in same situation as manufacturer), cert. denied, 523 U.S. 1004 (1998).

We also conclude summary judgment was proper on the strict liability claims, because the Erlings provided no evidence showing that ESCO's tooth was defective or unreasonably dangerous, and Mr. Erling, as an experienced professional, should have been aware of the tooth's characteristics. See Vandelune, 148 F.3d at 946; Morrison v. Grand Forks Hous. Auth., 436 N.W.2d 221, 223 n.2 (N.D. 1989) (strict liability cannot attach absent proof of defect in product). Furthermore, we conclude the court did not err as to the breach-of-warranty claim, because, regardless of the time-bar issue, the Erlings failed to contest ESCO's conspicuous written disclaimer of implied warranties. See N.D. Cent. Code § 41-02-33(2) (1999) (exclusion of warranties must be by writing and must be conspicuous). Finally, we hold the court did not err in rejecting the Erlings' experts' opinions, because only one expert concluded the tooth was defectively designed or unreasonably dangerous, but he based his opinion on the erroneous belief that ESCO's design required hammering the tooth's tip.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-